1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    RAMIRO MATA TAPIA,         CV F   06-1520 AWI DLB HC

10               Petitioner,      ORDER DIRECTING PETITIONER TO FILE
AN AMENDED PETITION

11      v.                       [Doc. 1]

12

13    M.S. EVANS,

14               Respondent.
_____/

15
16
17

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
pursuant to 28 U.S.C. § 2254.

18
19

      Petitioner filed the instant petition for writ of habeas corpus on October 27, 2006.  (Court
Doc. 1.)

20
21

      Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary
review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

22

plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the

23

Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

24

A petition for habeas corpus should not be dismissed without leave to amend unless it appears

25

that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440

F.2d 13, 14 (9th Cir. 1971).

26
27

      In the instant petition, Petitioner challenges the imposition of a restitution fine.  Although

28

it is not entirely clear, it appears that Petitioner contends that counsel failed to explain the

1   restitution consequences and the trial court improperly imposed the fine.  (Petition, at 6-9.)  In

2   another part of the petition, Petitioner contends "I am innocent don't commit the crime, for fault

3   of a counsel active them guilt me, but I not did any crime."  (Petition, at 9.)

4        Petitioner is advised that a pure challenge to the imposition of restitution, is not

5   cognizable under § 2254, because it does not challenge the validity or duration of his

6   confinement.[1]  Thus, to the extent Petitioner purely challenges the imposition of the restitution

7   fine, it is not cognizable.  However, it is unclear to the Court if Petitioner is attempting to raise

8   other claims.   In presenting a petition for writ of habeas corpus, a petitioner must "specify all the

9   grounds for relief which are available to the petitioner and of which he has or by the exercise of

10  reasonable diligence should have knowledge and shall set forth in summary form the facts

11  supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing Section 2254

12  Cases.  The petition for writ of habeas corpus presently before this Court is deficient, because

13  Petitioner fails to clearly raise his claims for relief..  It is not the province of a federal habeas

14  court to guess as to what claims Petitioner is attempting to raise or to conduct an independent

15  review of Petitioner's state court proceedings to determine what federal claims Petitioner seeks to

16  raise; the responsibility to assert a claim for relief unquestionably belongs to the petitioner.

17       Because this Court cannot entertain an application for a writ of habeas corpus if a federal

18  constitutional violation has not occurred, the Court must dismiss the petition.  However, the

19  Court will grant Petitioner leave to file an amended petition before recommending the petition be

20  dismissed.  Petitioner is advised that the amended petition should be entitled "First Amended

21  Petition for Writ of Habeas Corpus" and must reference the case number of this action.

22  Petitioner is advised that the amended petition must set forth all of his claims, including all the

23  facts and arguments in support of those claims.  Petitioner must allege constitutional violations

24  which are cognizable on federal habeas review, and Petitioner must demonstrate how the

25  adjudication of his claims in state court "resulted in a decision that was contrary to, or involved

26

27       [1] Section 2254 provides that a federal court may entertain a habeas petition "in behalf of a person in
    custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the
28  Constitution or laws or treaties of the United States."

1   an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that

2   was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254(d).  In

3   discerning Petitioner's claims, the Court will not consider the original petition or any reference to

4   state court proceedings.

5         Failure to file an amended petition in compliance with this order may result in a

6   recommendation that the petition be dismissed for Petitioner's failure to comply with a court

7   order and for failure to state a federal claim.

8                        **ORDER**

9         Accordingly, Petitioner is HEREBY ORDERED to file an amended petition for writ of

10   habeas corpus within thirty (30) days of the date of service of this order.  Furthermore, the Clerk

11   of the Court is DIRECTED to send Petitioner blank forms for filing a petition pursuant to 28

12   U.S.C. § 2254.

13         IT IS SO ORDERED.

14   **Dated:  __January 8, 2007__**           _____ /s/ **Dennis L. Beck**_____

      3b142a                                    UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28