UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO MATA TAPIA, | CV F   06-1520 DLB HC |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION, AND DIRECTING CLERK OF COURT TO DISMISS PETITION, WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE COURT REMEDIES. |
| v. | |
| M.S. EVANS, | |
| Respondent. | [Doc. 23] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

BACKGROUND[1]

Petitioner was convicted of a forcible lewd act on a child, lewd or lascivious acts, and receiving stolen property. On June 21, 2004, Petitioner was sentenced to a determinate term of six years. (Lodged Doc. No. 1.) Petitioner did not file an appeal.

Petitioner filed five pro se state post-conviction collateral challenges.

The first petition was filed on December 20, 2004, in the Tulare County Superior Court. (Lodged Doc. No. 2.) The petition was denied on December 27, 2004. (Lodged Doc. No. 3.) \

The second petition was filed on January 18, 2005 in the California Court of Appeal,

---

[1] This information is derived from the amended petition for writ of habeas corpus and Respondent's motion to dismiss. (Court Docs. 11, 21.)

1

Fifth Appellate District. (Lodged Doc. No. 4.) The petition was denied on February 24, 2005. (Lodged Doc. No. 5.)

On February 14, 2005, Petitioner filed a motion for post-conviction relief in the Tulare County Superior Court.[2] (Lodged Doc. No. 6.) The motion was denied on February 25, 2005. (Id.)

On March 22, 2005, Petitioner filed a petition in the California Supreme Court. (Lodged Doc. No. 7.) The petition was denied on April 13, 2005. (Lodged Doc. No. 8.)

On June 10, 2005, Petitioner filed a second petition in the California Supreme Court. (Lodged Doc. No. 9.) The petition was denied with a citation to In re Clark, 5 Cal.4th 750 (1993). (Lodged Doc. No. 10.)

Petitioner filed the instant federal petition for writ of habeas corpus on October 27, 2006, and an amended petition February 9, 2007. (Docs. 1, 11.)

Respondent filed the instant motion to dismiss on September 21, 2007. (Court Doc. 23.) Petitioner did not file an opposition.

DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

---

[2] Respondent states that he was unable to obtain a copy of the motion from the Tulare County Superior Court. However, the date the motion was filed and the nature of the motion is provided in the ruling on the motion. (Lodged Doc. No. 6.)

(E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.      Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising

a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant petition, Petitioner raises the following four claims: 1) the trial court was without the authority to impose a restitution fine; 2) he was denied the right to bail; 3) ineffective assistance of counsel; and 4) he was not advised of his Vienna Convention right. Grounds One and Four were dismissed by the Court on July 9, 2007, for failure to state a cognizable claim under § 2254. (Court Doc. 17.)

As previously stated, Petitioner filed two petitions with the California Supreme Court, both petitions for writs of habeas corpus. As Respondent submits, the first petition arguably asserted the second and third claims. (Lodged Doc. No. 7.) However, the California Supreme

1 Court denied the petition citing to In re Duvall, 9 Cal.4th 464, 474 (1995) and In re Swain, 34
2 Cal.2d 300, 304 (1949). (Lodged Doc. No. 8.)
3         In re Swain articulates the procedural requirements that a California habeas petitioner
4 allege with particularity the facts supporting his claims and explain and justify the delay in the
5 presentation of those claims. In re Swain, 34 Cal.2d 300, 304, 209 P.2d 793 (1949). The Ninth
6 Circuit has held that an In re Swain citation is a denial on procedural grounds, because such a
7 deficiency, when it exists, can be cured in a renewed petition. Kim v. Villalobos, 799 F.2d 1317,
8 1319 (9th Cir. 1986); Harris v. Superior Court, 500 F.2d 1124, 1128, (9th Cir. 1974). Further,
9 Duvall reiterates the requirement that an application for habeas corpus "should both (i) state fully
10 and with particularity the facts on which relief is sought, as well as (ii) include copies of
11 reasonably available documentary evidence supporting the claim, including pertinent portions of
12 trial transcripts and affidavits or declarations." Duvall, 9 Cal.4th at 474 (citations omitted).
13 Because Petitioner could and should have alleged his claims with greater particularity, the habeas
14 corpus petition filed in the California Supreme Court on March 22, 2005, did not satisfy the
15 exhaustion requirement.
16         Furthermore, Petitioner's second habeas corpus petition filed in the California Supreme
17 Court on June 10, 2005, did not cure the defect of insufficient particularity and, therefore, did not
18 serve to exhaust claims two and three of the instant petition. In fact, the second petition did not
19 raise the second and third claims of the instant petition, but only asserted claim one of the instant
20 petition, which has been dismissed from the instant action. (Lodged Doc. No. 9.) As a result, the
21 second and third claims of the instant federal petition are unexhausted, and the petition must be
22 dismissed, without prejudice, in its entirety. Coleman v. Thompson, 501 U.S. at 731 ("This
23 Court has long held that a state prisoner's federal habeas petition should be dismissed if the
24 prisoner has not exhausted state remedies as to any of his federal claims."); Jiminez v. Rice, 276
25 F.3d 478, 481 (9th Cir. 2001) ("Once Rice moved for dismissal, the district court was 'obliged to
26 dismiss immediately,' as the petition contained no exhausted claims.")

27                                              ORDER
28         Based on the foregoing, it is HEREBY ORDERED that:

1. Respondent's motion to dismiss for failure to exhaust the state court remedies is GRANTED;
2. The instant petition is DISMISSED, without prejudice; and,
3. The Clerk of Court shall enter judgment.

IT IS SO ORDERED.

**Dated:** **November 5, 2007**          **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE